**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-cv-00235-BNB

DAVID W. VEREN,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE,
HARLEY G. LAPPIN, Director, Federal Bureau of Prisons,
MARY HERNDON, Administrative Service, U.S. Marshal Service,
JOHN OR JANE DOES 1-5, Administrative Service, U.S. Marshal Service,
MONA SMITH, ISM OFFICER, Federal Correctional Institution Florence,
JOHN OR JANE DOES 6-10, Federal Correctional Institution Florence,
FNU TSUDA, Staff Doctor, Federal Correctional Institution Englewood,
FNU KRAUS, Staff Doctor, Federal Correctional Institution Florence, and
MARK IPPOLITO, Health Services Administrator, F.D.C. Englewood,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT

---

Plaintiff, David W. Veren, currently resides in Woodland Park, Colorado. Mr. Veren, acting *pro se*, initiated this action by filing a Complaint that he amended on April 3, 2013. Mr. Veren also filed a request to proceed pursuant to 28 U.S.C. § 1915, which the Court granted on April 4, 2013. The Court must construe the Amended Complaint liberally because Mr. Veren is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Mr. Veren fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Veren's Complaint is repetitive and on its face is barred by 28 U.S.C. § 2401(b). The Court, therefore, will direct Mr. Veren to file a Second Amended Complaint that complies with the pleading requirements of Rule 8. It is Mr. Veren's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Veren must name the proper parties who are responsible for violating rights and assert each defendant's personal participation in the alleged violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Veren must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.*, 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court Mr. Veren must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Also, pursuant to Rule 8.1A. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, "[a] *pro se* party shall use the forms established by this court to file an action." Mr. Veren must state each claim, in Section D. of the complaint form, in a short and concise format and include a statement of the rights violated and the actions committed by each defendant that show how they violated his rights. Accordingly, it is

ORDERED that Mr. Veren file a Second Amended Complaint as instructed

above, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Mr. Veren shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Second Amended Complaint.  It is

FURTHER ORDERED that if Mr. Veren fails to comply with this Order within the time allowed the Court shall proceed to review the merits of the claims presented in the Amended Complaint filed on April 3, 2013.

DATED April 8, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge