IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00235-BNB

DAVID W. VEREN,

    Plaintiff,

v.

THE UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE,
HARLEY G. LAPPIN, Director, Federal Bureau of Prisons,
MARY HERNDON, Administrative Service, U.S. Marshal Service,
JOHN OR JANE DOES 1-5, Administrative Service, U.S. Marshal Service,
MONA SMITH, ISM OFFICER, Federal Correctional Institution, Florence,
FNU TSUDA, Staff Doctor, Federal Correctional Institution, Englewood,
FNU KRAUS, Staff Doctor, Federal Correctional Institution, Florence, and
MARK IPPOLITO, Health Services Administrator, F.D.C., Englewood,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, David W. Veren, currently resides in Woodland Park, Colorado. Mr. Veren, acting *pro se*, initiated this action by filing a Complaint that he amended on April 3, 2013. After review of the Amended Complaint, Magistrate Judge Boyd N. Boland determined that Mr. Veren failed to comply with the requirements of Fed. R. Civ. P. 8. Specifically, Magistrate Judge Boland found that Mr. Veren failed to provide a short and plain statement of the claims showing that he is entitled to relief. Magistrate Judge Boland also found that the Complaint was repetitive and on its face barred in part under 28 U.S.C. § 2401(b). Magistrate Judge Boland directed Mr. Veren to file a Second Amended Complaint that complies with Rule 8. Mr. Veren was instructed to present his claims in a manageable format.

On May 6, 2013, Mr. Veren filed a Second Amended Complaint. In addition to presenting his claims on a Court-approved form, Mr. Veren attached three separate documents, including: (1) a Certificate of Review by Mr. Veren that claims a medical doctor evaluated his injuries and determined the injuries are due to the lack of proper medical treatment at the time of the injuries; (2) a Notice of an Administrative Tort Claim that is dated August 2012 and addresses both Mr. Veren's personal injury and "overdetention" claims; and (3) a Request for Reconsideration of the BOP's denial of his FTCA claims by the Department of Justice based on additional evidence of equitable tolling of the statute of limitations for the claims accrued.

In the Court-approved form, Mr. Veren sets forth eight claims as follows:

1. Overdetention in Violation of Eighth and Fifth Amendment;

2. Inaccurate Notice of Detainer in Violation of Fifth Amendment;

3. Unlawful Search and Seizure in Violation of Fourth Amendment due to Invalid Detainer;

4. Deliberate Indifference in Violation of Eighth Amendment due to Failure to Acknowledge Invalid Detainer;

5. Failure to Properly Supervise and Train Resulting in Deliberate Indifference and Deprivation of Due Process;

6. False Imprisonment Claim Against the United States;

7. Negligent Handling of Detainer Claim Against the United States; and

8. Negligent, Medical Malpractice Claim Against the U.S. Marshal Service.

Mr. Veren is asserting that Defendants Herndon and Smith violated his Fourth, Fifth, and Eighth Amendment rights by issuing and maintaining an inaccurate notice of

detainer and disregarding multiple notifications that his incarceration at the Colorado Department of Corrections had been terminated.  Mr. Veren further asserts that Defendant Lappin violated his Fifth and Eighth Amendment rights by failing to properly supervise and train Bureau of Prisons' (BOPs') employees regarding overdetention of inmates.  Mr. Veren further asserts a claim against the United States for his false imprisonment from August 29, 2005, until February 1, 2007, based on Defendants Herndon, Smith, and Lappin's failure to follow agency directives and constitutional mandates.  Finally, Mr. Veren asserts that the U.S. Marshal Service, including Dr. Tsuda, Dr. Kraus, and Mark Ippolito, were negligent and engaged in medical malpractice when they failed to inform him of the severity of his lumbar spine injury and diagnosed his pain and complications as back spasms.  Mr. Veren seeks compensatory damages.

First, the Court will address Mr. Veren's overdetention claim asserted in Claims One through Five.  Mr. Veren's assertion that his Fourth, Fifth, and Eighth Amendment rights were violated is properly asserted under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331.  A *Bivens* action is subject to the limitation period, the same as an action brought under 42 U.S.C. § 1983, and the limitation period is set by the state personal injury statute where the cause of action accrues.  *Roberts v. Barreras*, 484 F.3d 1236, 1238 (10th Cir. 2007).  In Colorado, the limitation period to initiate a cause of action for a personal injury is two years.  *See* Colo. Rev. Stat. § 13-80-102

"Although state law establishes the statute of limitations, federal law determines when plaintiffs' federal *Bivens* claims accrue[ ]." *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004) (citation omitted).  "Under federal law, the statute of limitations on a

*Bivens* claim begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* (internal quotation marks and citation omitted). "[I]t is not necessary that a claimant know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents of State of Kansas,* 991 F.2d 628, 632 (10th Cir. 1993) (citation omitted). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plainitff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980). "[T]here are situations where, as here, the evidence before the court 'clearly and convincingly persuade[s] the trial judge that plaintiff in the exercise of reasonable diligence would have discovered the fraud at such a time as to bar the action.' " *See Shields v. Boettcher Inv. Corp.*, 13 F.3d 406, 1993 WL 482902 at *1 (10th Cir. Nov. 22, 1993) (quoting *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 694 (10th Cir.), *cert. denied*, 454 U.S. 895 (1981). In these cases it is "proper to dispose of the issue as a matter of law." *Shields*, at *1. "[S]ua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts." *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

"Although dismissals under [Fed. R. Civ. P.] 12(b)(6) typically follow a motion to dismiss . . . , a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his

4

complaint would be futile." *Hall*, 935 F.2d 1106, 1109-10 (10th Cir. 1991) (internal quotations and citations omitted).  A district court may consider affirmative defenses sua sponte when the defense is obvious from the face of the complaint.  *Fratus*, 49 F.3d at 674-75, (citing *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987) (district court may consider affirmative defense sua sponte only when the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed.")

Mr. Veren does not address the statute of limitations issue in the Complaint form. He does concede, however, in the Request for Reconsideration document attached to the Complaint, that his false imprisonment claim accrues at the earliest when a favorable termination of the imprisonment occurs.  May 6 Compl. at 40.  Even finding that the favorable termination did not occur until February 1, 2007, when Mr. Veren asserts he was released from the BOP, almost six years passed between the time the overdetention claim accrued and the date Mr. Veren filed this action.

It is clear from the face of the May 6 Complaint that Mr. Veren knew or had reason to know of the existence and cause of any injury he alleges he incurred due to the alleged overdetention.  Mr. Veren claims that on multiple occasions prior to the February 1 release he sent notifications to Defendant Smith that his state conviction had exhausted and any continuing detainment in the BOP for the supervised release violation was void.

State law usually governs the application of equitable tolling in a federal civil rights action.  *Roberts*, 484 F.3d at 1240.  The State of Colorado recognizes that "equity may require a tolling of the statutory period where flexibility is required to accomplish the goals of justice."  *Braxton v. Zavaras*, 614 F.3d 1156, 1161 (10th Cir. 2010) (quoting

*Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996). Under *Dean Witter*, equitable tolling is limited "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claims despite diligent efforts." *Dean Witter*, 911 P.2d at 1099.

Mr. Veren does not specifically address equitable tolling as it may relate to his *Bivens* claims. He does, however, with respect to his medical malpractice claim, assert that under the Social Security Act he was declared permanently disabled on April 27, 1996, and he does not have a legal guardian, which he claims provides a basis for tolling the time under Colo. Rev. Stat. §§ 13-80-103 and 105(3).

Mr. Veren does not assert that Defendants wrongfully impeded his ability to bring a claim. Even without knowing the basis for his permanent disability, it is clear that whatever the permanent disability may be there were no extraordinary circumstances that prevented him from filing a claim despite diligent efforts. Mr. Veren was capable despite any disability to submit multiple notifications (copies are attached to the Complaint) to Defendant Smith regarding the false imprisonment. Mr. Veren also was able to appeal his request for an administrative remedy to the warden, which resulted in his release on February 1, 2007. The Court, therefore, from the face of the May 6 Complaint, finds nothing that Defendants did impeded Mr. Veren from filing a *Bivens* claim regarding his imprisonment or that extraordinary circumstances existed over the past six years which precluded him from filing an action.

As for Mr. Veren's false imprisonment and medical malpractice claims asserted

in Claims Six, Seven, and Eight,[1] the Court construes the claims as asserted pursuant to the Federal Tort Claims Act (FTCA). Mr. Veren states that his FTCA claims were denied on September 6, 2012, entitling him to file an action in this court within six months. *See* Jan. 1, 2013 Compl., ECF No. 1, at 2.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Federal Deposit Ins. Corp. V. Meyer*, 510 U.S. 471, 475 (1994). "Through the FTCA, the United States waived its immunity to suits 'for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .'" *Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (quoting 28 U.S.C. § 1346(b)(1)) (citing 28 U.S.C. § 1346(b)(1)). Under 28 U.S.C. § 2401(b),

> "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . .

This Court must dismiss an FTCA claim for lack of subject matter jurisdiction if a litigant does not satisfy the time requirement under § 2401(b). *Casias v. United States*, 532 F.2d 1339, 1340 n. 1 (10th Cir. 1976).

Prior to considering the merits of the FTCA claims, the Court must determine when the time for filing a claim with the appropriate federal agency started to run. To do this the Court first must ascertain when the claim accrued. "Federal law governs the point at which a cause of action accrues under the FTCA." *Hoery v. United States*, 324 F.3d 1220, 1222 (10th Cir. 2003) (citing *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987) ("federal law controls questions relating to accrual of federal causes of action").

---

[1] Mr. Veren states that Claim Eight is asserted against the U. S. Marshal Service, but the Marshal service is not a named defendant.

"For permanent torts, the claim accrues the later of when the injury first occurs or when the plaintiff learned or should have learned of his injury and its cause." *Hoery*, 324 F.3d at 1222 (citing *Kronisch v. United States*, 150 F.3d 112, 121 (2d Cir. 1998); *Arvayo v. United States*, 766 F.2d 1416, 1419 (10th Cir. 1985).

With respect to Mr. Veren's false imprisonment claim, as determined above, the time for filing an FTCA claim began to run when Mr. Veren was released from the BOP on February 1, 2007. Mr. Veren did not file his FTCA claim until June 6, 2012, over five years after the injury occurred. Because "[t]he limitation period in 28 U.S.C. § 2401(b) is not to be extended for equitable considerations," *see Anderberg v. United States*, 718 F.2d 976, 977 (10th Cir. 1983), the Court lacks subject mater jurisdiction to review Mr. Veren's false imprisonment FTCA claim and the claim will be dismissed.

A medical malpractice claim "accrues when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the alleged malpractice." *Casias*, 532 F.2d at 1340 (internal quotations and citation omitted). Mr. Veren states he "suffered a serious injury to his lumbar spine . . . resulting in paralysis, when he slipped on ice and landed on this back on the edge of a concrete slab . . . during a facility shakedown." May 6 Compl. at 10. Mr. Veren asserts that he incurred the injury on November 12, 2003, and that the U.S. Marshal Service medical personnel concealed the severity of the injury and told him the pain and complications were due to his age. Mr. Veren further asserts that he was not aware of the severity of the injury and the true cause of his pain and complications until August 22, 2011, when his family doctor determined that the severity of the injury could have been minimized had he received proper medical treatment at the time of the injury. Based on these initial findings, this FTCA claim as asserted against the United States will be assigned to Judge Wiley Y.

Daniel pursuant to D.C.COLO.LCivR 40.1C.1,and to Magistrate Judge Michael J. Watanabe, for further review of the accrual time period and if necessary the merits of the claim.

Finally, although Mr. Veren has asserted jurisdiction pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101 et seq., nothing he raises in the May 6 Complaint addresses a claim pursuant to the Act. Therefore, the Court finds no basis for an ADA claim. Also, because the *Bivens* claims and the false imprisonment FTCA claim will be dismissed and the only properly named defendant in the medical malpractice claim is the United States, all remaining defendants will be dismissed. Accordingly, it is

ORDERED that the *Bivens* and FTCA false imprisonment claims are dismissed with prejudice. It is

FURTHER ORDERED that Defendants Harley G. Lappin, Mary Herndon, Mona Smith, Dr. Tsuda, Dr. Kraus, Mark Ippolito, and John and Jane Does are terminated as improperly named parties to this action. It is

FURTHER ORDERED that the remaining FTCA medical malpractice claim as asserted against the United States shall be assigned to District Judge Wiley Y. Daniel, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael J. Watanabe.

DATED at Denver, Colorado, this  15th  day of   August  , 2013.

BY THE COURT:

  s/ Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court